IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

POWERTRONIX CORPORATION,

    Plaintiff,

  v.

PV POWERED, INC.,

    Defendant.
                                    /

No. C-08-5187 MMC

**ORDER DENYING DEFENDANT'S MOTION TO DISMISS; VACATING HEARING**

Before the Court is defendant PV Powered Inc.'s ("PV") "Motion to Dismiss under Fed. R. Civ. P. 12(b)(6)," filed December 4, 2008. Plaintiff Powertronix Corporation ("Powertronix") has filed opposition, to which PV has replied. Having read and considered the papers filed in support of and in opposition to the motion, the Court deems the matter appropriate for decision thereon, hereby VACATES the hearing scheduled for January 16, 2009, and rules as follows.

In support of its motion, PV relies on "Terms and Conditions of Purchase" ("terms and conditions"), which, PV asserts, were posted on PV's website and incorporated by reference in PV's purchase orders.[1] As set forth below, however, assuming, <u>arguendo</u>, such incorporation by reference is allowed under California law, the Court may not consider such evidence in the context of the instant motion.

"Generally, a district court may not consider any material beyond the pleadings in

---

[1] The purchase orders state, in relevant part: "Conditions of purchase are herein incorporated by reference. Terms and conditions of purchase are located on the PV Powered website: www.pvpowered.com. Advise if a hard copy is required in writing." (<u>See</u> Amended Compl. Ex. A.)

ruling on a Rule 12(b)(6) motion." See <u>Hal Roach Studios, Inc. v. Richard Feiner & Co.</u>, 896 F.2d 1542, 1555 n.19 (9th Cir. 1990). Documents whose contents are alleged in the complaint, and whose authenticity no party questions, but which are not physically attached to the pleading, however, may be considered. See <u>Branch v. Tunnell</u>, 14 F.3d 449, 454 (9th Cir. 1994). In addition, a district court may consider any document "the authenticity of which is not contested, and upon which the plaintiff's complaint necessarily relies," regardless of whether the document is referenced in the complaint. See <u>Parrino v. FHP, Inc.</u>, 146 F.3d 699, 706 (9th Cir. 1998). Finally, the Court may consider matters that are subject to judicial notice. See <u>Mack v. South Bay Beer Distributors, Inc.</u>, 798 F.2d 1279, 1282 (9th Cir. 1986); <u>see also</u> Fed. R. Evid. 201(b) (providing "[a] judicially noticed fact must be one not subject to reasonable dispute").

Here, although the purchase orders, which PV argues constitute the relevant offers, are attached to Powertronix's amended complaint, the terms and conditions themselves are neither referenced in nor attached to such complaint. Further, the terms and conditions are not judicially noticeable. Lastly, Powertronix has not conceded that the version of the terms and conditions submitted by PV was in place and accessible on PV's website at the time the parties entered into the contracts at issue. In particular, Powertronix asserts, "websites can be changed very easily and . . . are subject to outages and other connection problems," and, consequently, "electronic discovery would be needed to determine if [PV's] site was operational at the time the orders were placed, and to confirm its contents at that time." (<u>See</u> Opp'n at 5 n.1.)

Accordingly, as all of PV's arguments in support of the instant motion rely on the content of the terms and conditions, the motion is hereby DENIED, without prejudice to PV's raising such arguments at a later time.

**IT IS SO ORDERED.**

Dated: January 14, 2009

MAXINE M. CHESNEY
United States District Judge

2